MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE *v.* HUDSON.

4-5919 139 S. W. 2d 29

Opinion delivered April 15, 1940.

*Henry Donham,* and *Richard M. Ryan,* for appellant.

McHANEY, J. Appellee sued appellants to recover damages for an injury he alleged he sustained on December 3, 1937, while working for appellants in the operation of a bolting machine. His job was to push a bolting machine along the main line tracks while another employee was engaged in bolting the plates at the rail

joints to the rails to hold them in place. This machine is said by some of the witnesses to move along on four wheels and by others on three wheels. On account of the approach of a train, it became necessary to move the machine from the main line track to permit the train to pass, and in doing so, with the help of four or five others, appellee says he was injured by being struck on the shin by a movable arm or part of said machine which swung around and hit him. He said it was the duty of Brooks, the other employee, to fasten or hook the, end of said movable arm to prevent it from swinging around. This is the negligence laid and relied on for a recovery. The answer was a general denial and a plea of negligence and assumed risk on the part of appellee in bar of the action. Trial resulted in a verdict and judgment in his favor for $300.

We think the court should have directed a verdict for appellants on their request so to do.

In his statement to the claim agent made December 15, 1937, he said nothing about moving the machine to let a train pass, but that the machine had just been placed on the rails, and that it was leaning over, and he thought, about to fall, and that in straightening it up, the movable arm which he called a "pin" struck him on the leg. He said he knew the "pin" was there and that it was liable "to come out any time." He also said: "This accident was not due to the carelessness of any of the men working there with me as I was handling the machine at the time by myself, and as far as I know there was no defective equipment. We were working on the main line, no trains involved and doing the work in the regular and usual manner. . . . Mr. Brooks operated the machine, and it was operating at the time of the injury." In his statement to the doctor at the hospital, he said the machine fell over and struck him on the leg. His statement at the trial was, as above stated, that the arm or "pin" swung around and struck him while moving the machine to let a train pass. While he admitted reading and signing the statement to the claim agent, in which he stated, "I have read this statement and it is true," he repudiated most of it at the trial and the jury

evidently accepted his testimony as true. The jury had the right to resolve these conflicts in his statement and testimony as they did, but even so, no actionable negligence is shown. Accepting his testimony given at the trial as true, and that it was the duty of Brooks to fasten this movable arm or pin, his failure to do so was perfectly open and obvious to him. He was in charge of the machine, the pushing of it along the track, and if he had looked he could have seen that the arm was not fastened. By proceeding to move the machine off the track, he assumed the ordinary risk and hazards in doing so.

The judgment will be reversed, and the cause dismissed.